M:\Trustee (AJM ) Cases\Swiontek\Adversary Against Demetra Barounis\advCX v3.doc

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| LEO F. SWIONTEK, ) | |
| ) | Case No. 04-48014 |
| Debtor. ) | |
| ) | Honorable Jacqueline P. Cox |
| _____ ) | |
| ) | |
| ANDREW J. MAXWELL, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. |
| ) | |
| DEMETRA BAROUNIS, ) | |
| ) | |
| Defendant. ) | |

### ADVERSARY COMPLAINT
### TO AVOID FRAUDULENT TRANSFER

Andrew J. Maxwell, Trustee, by his attorneys, states the following as his Adversary Complaint to Avoid Fraudulent Transfer ("Complaint"):

### COUNT I
### (Fraudulent Transfer – Demetra Barounis)

1. This bankruptcy case was commenced by Debtor's voluntary filing of a petition for relief under Chapter 7 of the Bankruptcy Code on December 30, 2004 ("Petition Date").

2. Andrew J. Maxwell ("Trustee") was appointed to serve as Trustee, has qualified and has been acting as such.

3. This Court has jurisdiction over this adversary proceeding pursuant to Title 28 U.S.C. §1334, and Bankruptcy Rule 7001 et seq.

4. This is a core proceeding pursuant to Title 28 U.S.C. §157(b)(2) in which this Court is empowered to enter final judgment.

1

5.      Venue is proper in this District pursuant to Title 28 U.S.C. §1409(a).

6.      Defendant Demetra Barounis ("Defendant") is a citizen and resident of this District and is not a debtor in this bankruptcy case. On information and belief, Defendant is and at all times relevant to this Complaint was married to the Debtor.

7.      On information and belief, prior to August 2001 the Debtor had an open credit card account with MBNA Bank ("MBNA") with a balance due.

8.      On information and belief, prior to August 2001 the Debtor had an open credit card account with First Card/Bank One ("Bank One") with a balance due..

9.      On information and belief, prior to August 2001 the Debtor had an open credit card account with First National Bank of Omaha ("Omaha") with a balance due.

10.     On information and belief,, prior to August 2001 the Debtor had an open credit card account with First USA Bank ("First USA") with a balance due.

11.     On and for some time prior to August 10, 2001, the Defendant and the Debtor jointly owned real estate commonly known as 6927 West Fargo Avenue, Niles, Illinois (the "Real Estate"). The Real Estate was improved with a single family house. On and prior to August 10, 2001, the Real Estate was the principal residence of both the Defendant and the Debtor.

12.     By document dated August 10, 2001, the Debtor conveyed and transferred his interest (the "Transfer") in the Real Estate to the Defendant. The Transfer was recorded with the Cook County Recorder on August 14, 2001.

13.     On information and belief, the Debtor did not receive reasonably equivalent value in exchange for the Transfer of the Real Estate.

14.     At all times relevant hereto there was in full force and effect in Illinois the

Uniform Fraudulent Transfer Act ("UFTA"), 740 ILCS 160/1 et seq.

15. On information and belief, MBNA, Bank One, Omaha, and First USA became creditors of the Debtor within the meaning of section 2(d) of UFTA prior to August 2001.

16. On information and belief, the Debtor made the Transfer:

    (1) with actual intent to hinder, delay or defraud any creditor of the Debtor, including but not limited to MBNA, Bank One, Omaha or First USA; or

    (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the Debtor:

        (A) was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

        (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

17. Defendant is an insider to the Debtor within the meaning of section 2(g)(1)(A) of UFTA.

18. The Transfer was of substantially all of the Debtor's assets.

19. Pursuant of §544 of Title 11 U.S.C. (the "Bankruptcy Code"), the Trustee is entitled to assert the rights available under Illinois law to actual unsecured creditors of the Debtor as of August 10, 2001.

20. On information and belief, as of August 10, 2001, the Debtor owed debts to one or more unsecured creditors, including but not limited to MBNA, Bank One, Omaha, and First USA, whose debts remain unpaid as of the Petition Date.

21. The Transfer of the Real Estate constitutes a fraudulent transfer and should be avoided pursuant to the UFTA and §544 of the Bankruptcy Code.

**WHEREFORE,** Andrew J. Maxwell, Trustee, prays this Court to enter judgment in his

favor and against Demetra Barounis for the following relief:

 A. Declaring the Transfer of the Real Estate to be a violation of the Uniform Fraudulent Transfer Act, 740 ILCS 160/1 et seq., and avoiding the Transfer by authority of 11 U.S.C. § 544;

 B. Entering a money judgment for Andrew J. Maxwell, Trustee and against Defendant Demetra Barounis for the present value of the amount of the avoided transfer, or such other amount determined by this Court to be due;

 C. Awarding Andrew J. Maxwell, Trustee his costs of suit and attorneys' fees to the extent permitted by law; and

 D. Granting such other and further relief as this Court deems just and fair.

## COUNT II
### (Sale of Real Estate)

1-21. Paragraphs 1-21 of Count I are adopted as paragraphs 1-21 of this Count II as if fully restated here.

22. On information and belief, there is a mortgage against the Real Estate.

23. The Debtor's interest in the Real Estate constitutes property of the Debtor's bankruptcy estate within the meaning of §541 of the Bankruptcy Code, which the Trustee may use, sell, or lease.

24. On information and belief:

 (a) partition in kind of the beneficial interest in the Real Estate between the bankruptcy estate and the joint owner is impracticable;

 (b) sale of the estate's undivided interest in the Real Estate would realize significantly less for the bankruptcy estate than sale of the Real Estate in its entirety, free of the interest of the joint owner;

 (c) the benefit to the bankruptcy estate of a sale of the Real Estate free of the

    interests of the joint owner outweighs the detriment, if any, to the joint owner; and

  (d)  the Real Estate is not used in the production, transmission, distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

25.  Pursuant to §363(h) of the Bankruptcy Code, this Court should authorize the Trustee to sell the Real Estate in its entirety, free and clear of all liens, claims, and encumbrances, including any interest of Demetra Barounis or any other joint owner, with any such liens, claims, and encumbrances, including the interest of those persons, to attach to the proceeds of the sale, subject to a determination of this Court as to the extent, validity and priority of such liens, claims, and encumbrances.

**WHEREFORE,** Andrew J. Maxwell, Trustee, prays this Court to enter judgment in his favor and against Demetra Barounis for the following relief:

  A.  Authorizing the Trustee to sell the Real Estate in its entirety, free and clear of all liens, claims, and encumbrances, including any interest of Demtra Barounis or any other joint owner, with any such liens, claims, and encumbrances, including the interest of those persons, to attach to the proceeds of the sale, subject to a determination by this Court of the nature, validity, and extent of any liens, claims, and encumbrances.

  B.  Subject to further order of this Court, directing and ordering Demetra Barounis and any other joint owner to execute at the direction of the Trustee any deed or other instrument necessary to convey title to the Real Estate;

  C.  Awarding Andrew J. Maxwell, Trustee his costs of suit and attorneys' fees to the extent permitted by law; and

  D.  Granting such other and further relief as this Court deems just and fair.

ANDREW J. MAXWELL, Trustee

By: /s/ Vikram R. Barad
One of his attorneys

Andrew J. Maxwell (ARDC #1799150)
Vikram R. Barad (ARDC #6277076)
Maxwell & Potts, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60603
312/368-1138

6