# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Leo F. Swiontek | ) | Case No. 04-48014 |
| | ) | |
| Debtor(s) | ) | Chapter 7 |
| | ) | |
| Andrew J. Maxwell | ) | Adv. Pro. No. 05-01624 |
| Plaintiff | ) | |
| v. | ) | Judge Jacqueline P. Cox |
| Demetra Barounis | ) | |
| Defendant | ) | |

## NOTICE OF FILING

TO:

Andrew J. Maxwell, Esq., 105 W. Adams, Suite 3200, Chicago, IL 60604

Demetra Barounis, 6927 W. Fargo, Niles, IL  60714

PLEASE TAKE NOTICE that on 3/3/06, we filed with the Clerk of the Bankruptcy Court a(n) Answer to Trustee's First Set of Interrogatories to Defendant Demetra Barounis, a copy of which is hereby served upon you.

    /s/ Xiaoming Wu
    LEDFORD & WU
    Attorneys at Law
    200 S. Michigan Ave., Suite 209
    Chicago, IL 60604
    (312)294-4400
    Fax: (312)294-4410

## PROOF OF SERVICE

I, the undersigned, certify that I caused this Notice and a copy of the attached document(s) to be served upon the entities named above via facsimile on 3/3/06 before 5:00 p.m.  Service was also made on the trustee electronically by the court.

    /s/ Xiaoming Wu

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Leo F. Swiontek | ) | Case No. 04-48014 |
| | ) | |
| Debtor(s) | ) | Chapter 7 |
| | ) | |
| Andrew J. Maxwell | ) | Adv. Pro. No. 05-01624 |
| Plaintiff | ) | |
| v. | ) | Judge Jacqueline P. Cox |
| Demetra Barounis | ) | |
| Defendant | ) | |

**ANSWER TO TRUSTEE'S FIRST SET OF
INTERROGATORIES TO DEFENDANT DEMETRA BAROUNIS**

The defendant, Demetra Barounis, duly sworn under oath, answers the trustee's First Set of Interrogatories as follows:

1. **INTERRROGATORY**: With respect to each paragraph and sub-paragraph of the Trustee's complaint that you either denied or to which you did not make an unqualified admission, state all the facts that relate to the denial or non-admission.

**ANSWER**: The paragraphs and subparagraphs of the Trustee's complaint that the defendant denied are set forth below, followed by answers as directed by the interrogatories:

¶ 16. **Averment**: On information and belief, the Debtor made the Transfer:

(1) with actual intent to hinder, delay or defraud any creditor of the Debtor, including but not limited to MBNA, Bank One, Omaha or First USA; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the Debtor:

(A) was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

2

(B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

**Answer**: (1) The purpose of the transfer was to refinance the property in order to pay off my credit card debt, but not to hinder, delay or defraud any creditor of the Debtor.  The intention can be proved by copies of the Settlement Statement, credit card statements and cancelled checks showing that my credit card debt was paid in full.  Both Debtor and I have knowledge of the facts and reason for the refinancing, and will be able to testify on these matters at trial.

(2) The allegation is a technically correct statement when viewed in isolation; however, any benefit of the transfer was reaped by my creditors in the form of credit card payment, which can be proved by copies of the Settlement Statement, credit card statements and cancelled checks.  Both Debtor and I have knowledge of the facts and reason for the transfer, and will be able to testify on these matters at trial.

(A) Debtor was not engaged nor was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, and will be able to testify on this matter at trial.; and

(B) Debtor did not intend to incur, nor believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.  Debtor never expected to file bankruptcy because he believed that his consulting business would become more profitable in the near term, and will be able to testify on this matter at trial.

¶ 21.  **Averment:** The Transfer of the Real Estate constitutes a fraudulent transfer and should be avoided pursuant to the UFTA and §544 of the Bankruptcy Code.

3

**Answer:** The transfer was not intended to defraud creditors, but was to pay creditors as can be proved by copies of the Settlement for the refinancing, credit card statements and cancelled checks.  Both Debtor and I have knowledge of the facts and reason for the transfer, and will be able to testify on these matters at trial.

¶ 23.  **Averment:** The Debtor's interest in the Real Estate constitutes property of the Debtor's bankruptcy estate within the meaning of §541 of the Bankruptcy Code, which the Trustee may use, sell, or lease.

**Answer:** The defendant admits that the Debtor's interest in the Real Estate constitutes property of the Debtor's bankruptcy estate within the meaning of §541 of the Bankruptcy Code, but DENIES that the Trustee may use, sell, or lease such property since the property was held in tenancy by the entirety prior to the transfer sought to be avoided and as such would "not be liable to be sold upon judgment" pursuant to 735 ILCS § 12-112. The tenancy by the entirety can be proved by copy of Trustee's Deed dated May 18, 1995 and recorded on June 14, 1995.

¶ 24.  **Averment**: On information and belief:

(a) partition in kind of the beneficial interest in the Real Estate between the bankruptcy estate and the joint owner is impracticable;

(b) sale of the estate's undivided interest in the Real Estate would realize significantly less for the bankruptcy estate than sale of the Real Estate in its entirety, free of the interest of the joint owner;

(c) the benefit to the bankruptcy estate of a sale of the Real Estate free of the interests of the joint owner outweighs the detriment, if any, to the joint owner; and

4

(d) the Real Estate is not used in the production, transmission, distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**Answer**: DENIED as I have no knowledge or information to form a belief as to the truth thereof.

25. **Averment**: Pursuant to §363(h) of the Bankruptcy Code, this Court should authorize the Trustee to sell the Real Estate in its entirety, free and clear of all liens, claims, and encumbrances, including any interest of Demetra Barounis or any other joint owner, with any such liens, claims, and encumbrances, including the interest of those persons, to attach to the proceeds of the sale, subject to a determination of this Court as to the extent, validity and priority of such liens, claims, and encumbrances.

**Answer**: DENIED based on the facts stated in the answers herein to Paragraphs 16, 21, 23 and 24 of the complaint.

2. **INTERROGATORY:** Identify the relationship between you and Debtor from January 1, 1995 to the present.

**ANSWER:** The debtor and I have been married during the specified period.

3. **INTERROGATORY:** Identify all names used by you from January 1, 1995 to the present and the period each such name was used.

**ANSWER:** Demetra Barounis, 6927 W. Fargo, Niles, IL 60714, (847)647-8820; unemployed.

4. **INTERROGATORY:** Identify all names used by Debtor from January 1, 1995 to the present and the period each such name was used.

**ANSWER:** Leo F. Swiontek, 6927 W. Fargo, Niles, IL 60714, (847)647-8820; self-employed as a consultant.

5

5. **INTERROGATORY:** State all the facts as to why Debtor conveyed his interest in the Real Estate in August 2001.

**ANSWER:** Debtor and I conveyed the title to the Real Estate to me for the purpose of using my good credit rating to obtain home refinancing so that I could pay off my credit card debt. The refinancing ccurred in September 2001 as evidenced by the Settlement Statement. Both of us have knowledge of the facts and reason for the conveyance, and both will be able to testify on these matters at trial.

6. **INTERROGATORY:** State all the facts as to why you refinanced the Real Estate in September 2001.

**ANSWER:** The refinancing was intended to pay off my credit card debt and did pay off my credit card debt. Both Debtor and I have knowledge of the facts and reason for the refinancing, and both will be able to testify on these matters at trial.

7. **INTERROGATORY:** Identify the bank account(s) in which the proceeds from the September 2001 refinance of the real estate were deposited into, including name of the account holder(s).

**ANSWER:** The bank account was with LaSalle Bank (Account No. 5302282727), held in the name of Demetra Barounis.

8. **INTERROGATORY:** State all the facts that explain the disposition of the proceeds from the September 2001 refinance of the Real Estate.

**ANSWER:** All proceeds from the September 2001 refinancing of the Real Estate was used to pay off my credit card debt.

9. **INTERROGATORY:** Identify the names of all banks or financial institutions in which you maintained an account of any type from January 1, 1995, to the present.

6

**ANSWER:**  LaSalle Bank, N.A., 135 South LaSalle Street, Chicago, IL 60603.

10. **INTERROGATORY:** Identify the names of all credit cards in which you maintained an account of any type from January 1, 1995, to the present.

**ANSWER:**  Advanta, AT&T, Bank of America, Bank of Boston, Capital One, Chase, Citibank, Citi Gold Card, First Card (three separate accounts), Home Depot, MBNA and People's Bank.

11. **INTERROGATORY:** Identify the names of all entities or persons in which you and Debtor were jointly indebted to from January 1, 1995, to the present.

**ANSWER:**  a) Mellon Bank (first mortgage), which became Chase Bank USA, N.A., 200 White Clay Center Drive, Newark, Delaware 19711.  This account was closed in 2001 after the refinancing of the Real Estate; and b) LaSalle Bank, N.A., 135 South LaSalle Street, Chicago, IL 60603 (second mortgage).  This account was closed in 1999.

12. **INTERROGATORY:** Identify whether any of the creditors listed in Schedule F of the Debtor's bankruptcy schedules are creditors of Defendant.

**ANSWER:** None.

Signed: /s/     Demetra Barounis
Demetra Barounis

Ledford & WU
Attorneys for Defendant
200 S. Michigan Ave., Suite 209
Chicago, IL 60604
(312)294-4400
Fax: (312)294-4410