05-101-018

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| LEO F. SWIONTEK, ) | Case No. 04-48014 |
| Debtor. ) | Honorable Jacqueline P. Cox |
| ) | |
| _____ ) | |
| ) | |
| ANDREW J. MAXWELL, Trustee, ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. 05 A 01624 |
| ) | |
| DEMETRA BAROUNIS, ) | |
| Defendant. ) | |

## AFFIDAVIT IN SUPPORT OF MOTION FOR
## SUMMARY JUDGMENTAGAINST DEFENDANT DEMETRA BAROUNIS

Andrew J. Maxwell, being first duly sworn on oath, states the following as his Affidavit in Support of Motion for Summary Judgment Against Defendant Demetra Barounis ("Barounis") (the "Motion"):

1. I am over 18 years of age, have personal knowledge of the matters set forth herein, and would be competent to testify in a court of law if called upon to do so.

2. I am the Trustee serving in the above-captioned bankruptcy case (the "Case"). I have served as a member of the standing panel of trustees in this District for more than twenty years.

3. The Debtor's schedules did not list any ownership interest in any real estate.

4. During my examination of the Debtor at the first meeting of creditors, the Debtor disclosed that he had conveyed and transferred his interest (the "Transfer") in certain real estate commonly known as 6927 West Fargo Avenue, Niles, Illinois (the "real estate") to Barounis in August 2001 without receiving reasonably equivalent value in exchange for the Transfer of the Real Estate and that after the Transfer he continued to live in the real estate with Barounis as their principal residence.

5. Based on my examination of the Debtor and subsequent investigation in the public records of Cook County, Illinois, it appears that the real estate is improved with a single family dwelling owned by Barounis.

6. Pursuant to §544 of Title 11 U.S.C. (the "Code") and the Illinois Uniform Fraudulent Transfer Act ("UFTA"), 740 ILCS 160/1 et seq., the Transfer of the Real Estate

constitutes a fraudulent transfer and should be avoided.

7. Moreover, the Debtor's interest in the Real Estate constitutes property of the Debtor's bankruptcy estate within the meaning of §541 of the Code, which the Trustee may use, sell, or lease under §363 of the Bankruptcy Code. Further, one of the duties of the Trustee, as set forth in Section 704 of the Bankruptcy Code, is to "collect and reduce to money the property of the estate …."

8. In my experience as a trustee I have evaluated hundreds of single family houses and apartment buildings to determine whether the parcel can be sold to produce funds for the particular bankruptcy estate, and I have sold dozens of such properties. Based on the facts available and my experience as a trustee liquidating interests in real estate in Chapter 7 cases, I believe the only reasonable conclusion that can be drawn in this case includes the following: (a) partition in kind of the real estate between the bankruptcy estate and the joint owner is impracticable, if not impossible; (b) sale of the bankruptcy estate's undivided interest in the real estate would realize significantly less for the bankruptcy estate than sale of the real estate in its entirety, free of the interest of the joint owner; (c) the benefit to the bankruptcy estate of a sale of the real estate free of the interests of the joint owner outweighs the detriment, if any, to the joint owner; and (d) the real estate is not used in the production, transmission, distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Andrew J. Maxwell, Trustee

Subscribed and sworn to
before me this \_\_\_\_ day
of February, 2007.

_____
Notary Public